UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6

Case No.   **CV 23-1727-MWF(MARx)**  Date:  May 17, 2023

Title   **Apolonia Cortes v. Costco Wholesale Corporation, et al.**

Present: The Honorable:   MICHAEL W. FITZGERALD, United States District Judge

| Rita Sanchez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:  (IN CHAMBERS) ORDER DISMISSING ACTION FOR LACK OF PROSECUTION**

A review of the docket in this action reflects that this matter was removed to this Court on March 7, 2023.  (See Notice of Removal ("NoR") (Docket No. 1)).  The NoR included Defendant Costco Wholesale Corporation's Answer to Complaint.  (NoR, Exhibit B (Docket No. 1-3)).

On March 17, 2023, the Court filed an Order Setting Scheduling Conference (the "Order").  (Docket No. 7).  Pursuant to that Order, the parties' Joint Rule 26(f) Report was due April 3, 2023, and a Scheduling Conference was set on April 17, 2023 at 11:00 a.m.

On April 4, 2023, the Court filed a Scheduling Notice and Order which (1) vacated the April 17, 2023 Scheduling Conference, and (2) ordered the parties to file the required (and overdue) Joint Rule 26(f) Report no later than April 17, 2023.  (Docket No. 8).

On May 9, 2023, the Court filed an Order to Show Cause re dismissal for lack of prosecution (the "OSC").  (Docket No. 9).  The OSC advised the parties that in response to the OSC, the Court would accept a Joint Rule 26(f) Report no later than May 16, 2023.  The Court further stated that it would accept a unilateral report upon showing of a party's good faith effort to meet and confer with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 23-1727-MWF(MARx)**                                Date:  May 17, 2023

Title         **Apolonia Cortes v. Costco Wholesale Corporation, et al.**

opposing counsel to prepare and file the report, and that if a unilateral report was filed, the Court may dismiss this action for failure to prosecute or strike Defendant's Answer and order default.  (*Id.*)

The parties have not filed a Joint Rule 26(f) Report, and neither party has filed a unilateral report.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted.  Plaintiff was specifically warned that failure to respond to the OSC would result in dismissal of this action.

Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.